## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS A. SCOTT,
> Appellant,

v.

DEPARTMENT OF THE ARMY,
> Agency.

DOCKET NUMBER
AT-1221-17-0637-B-1

DATE: February 26, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>James Ouellette</u>, Esquire, Martinez, Georgia, for the appellant.

<u>Xiaoya Zhu</u>, <u>Shaun C. Southworth</u>, Esquire, and <u>Sadarie Mahens</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Mary Rae Dudley</u>, and <u>Thomas L. Cathey</u>, Esquire, Fort Gordon, Georgia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action under the Whistleblower Protection Act. For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a GS-11 Physical Security Specialist for the agency, stationed at Fort Gordon, Georgia. *Scott v. Department of the Army*, MSPB Docket No. AT-1221-17-0637-W-1, Initial Appeal File (IAF), Tab 1 at 2. The appellant filed an individual right of action (IRA) appeal, claiming that the agency took various personnel actions against him in retaliation for his disclosures concerning violations of security protocol. *Id.* at 4-5. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure. IAF, Tab 8, Initial Decision (ID). The Board vacated and remanded for adjudication of the merits. *Scott v. Department of the Army*, MSPB Docket No. AT-1221-17-0637-B-1, Remand File (RF), Tab 1. On remand, the administrative judge issued an initial decision on the written record denying the appellant's request for corrective action on the basis that the appellant failed to show that the agency subjected him to a personnel action. RF, Tab 26, Remand Initial Decision (RID).

The appellant has filed a petition for review, disputing the administrative judge's analysis and arguing that the administrative judge should have granted his request for a hearing. *Scott v. Department of the Army*, MSPB Docket No. AT-1221-17-0637-B-1, Petition for Review (B-1 PFR) File, Tab 4. The agency has filed a response. B-1 PFR File, Tab 6.

## ANALYSIS

If an appellant proves jurisdiction over an IRA appeal, he is entitled to a hearing on the merits, if he requested one. *Shope v. Department of the Navy*, 106 M.S.P.R. 590, ¶ 5 (2007). On remand, the administrative judge issued two close of record orders, both indicating that the appellant had not requested a

hearing and that the appeal would be decided on the written record. RF, Tabs 10, 16. The appellant objected, stating that he had requested a hearing on July 28, 2017, during the initial phase of the appeal.[2] RF, Tab 17 at 4-5. In support of his objection, the appellant filed a copy of an initial appeal form that included a hearing request and electronic stamping that indicated it was submitted on July 28, 2017. RF, Tab 11 at 4-7. Nevertheless, the W-1 record does not contain any submissions for that date, and this appeal form does not appear anywhere in the initial appeal file. Indeed, as the administrative judge found, the earliest part of the record indicating a hearing request is the petition for review of the W-1 initial decision. RF, Tab 19; *Scott v. Department of the Army*, MSPB Docket No. AT-1221-17-0637-W-1, Petition for Review (W-1 PFR) File, Tab 1 at 6, 13, 24. The administrative judge therefore found that the appellant's request for a hearing was untimely. RF, Tab 19. He denied the request on that basis and decided the appeal on the written record. *Id.*; RID at 1.

We agree with the administrative judge that an appellant waives his right to a hearing if he fails to request one in a timely manner. *See Thompson v. Department of the Interior*, 35 M.S.P.R. 322, 324 (1987). However, having carefully examined the record in this appeal and the Merit Systems Protection Board's own records, we cannot conclude that the appellant's hearing request was untimely.

The copy of the appeal form that the appellant submitted on remand is stamped with a submission date and a confirmation number, indicating that the appellant actually submitted it through e-Appeal on July 28, 2017. RF, Tab 11 at 4-7. The Board's own internal records confirm the submission. Nevertheless, the submission does not appear anywhere in the initial appeal file. Nor does the record contain a document rejection form that would have notified the appellant that this pleading, for whatever reason, had not been accepted into the record.

---

[2] July 28, 2017, was within the timeframe that the administrative judge set for requesting a hearing. IAF, Tab 2 at 1-2.

Nor do our records indicate that the submission was docketed as a separate appeal.

Furthermore, there are other indicia to suggest that the appellant submitted this appeal form and believed that the appeal form, including the hearing request that it contained, had been made part of the record. Specifically, on July 31, 2017—3 days after the appellant's attempted filing, he filed another submission by facsimile containing exhibits numbered 24 to 42. IAF, Tab 5. The fax cover sheet states, "Exhibits 1-23 documents were submitted via e-Appeal on July 28, 2017," and it references the appeal number and confirmation number reflected on the initial appeal form. *Id.* at 1. Moreover, on petition for review of the W-1 initial decision, the appellant filed copies of some of his exhibits 1-23, again indicating that he had submitted them through e-Appeal on July 28, 2017. W-1 PFR File, Tab 1 at 21, 24-50, 60-96.

The appellant could have been more diligent in protecting his right to a hearing. His representative at the time was a registered e-filer, yet he apparently did not notice that this important pleading was absent from the electronic record, even after the administrative judge stated in the W-1 initial decision, "It is unclear from the initial appeal whether the appellant requested a hearing." ID at 1. Furthermore, after remand, the appellant waited 5 months after the administrative judge issued the first close of the record order to clearly object to a decision on the written record. RF, Tabs 10, 17.

Nevertheless, notwithstanding any lack of diligence on the appellant's part, we cannot firmly conclude from the information available to us that he did not properly request a hearing within the time limit for doing so. Nor can we confirm that the Merit Systems Protection Board took all necessary steps to notify the appellant that his pleading had been rejected (if that is indeed what occurred) and would not be made part of the record. Under these circumstances, we find that it would be improper to decide this appeal without a hearing. We therefore remand the appeal to the regional office for further proceedings.

Because the appellant will receive a hearing in this case, it would be premature for the Board to address any of the arguments that he has raised on review about the merits of his appeal.[3] Those will be issues for the administrative judge to address in the first instance in light of the hearing testimony.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall issue a new initial decision after the appellant receives his requested hearing.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.

---

[3] Without purporting to make any definitive finding on the issue at this time, we are skeptical that the appellant was not subjected to a significant change in duties merely because the cross-training plan was never fully implemented or because other employees were subjected to the same requirements. RID at 6. The Whistleblower Protection Act protects against "threatened" personnel actions, and the statute makes no exception for "personnel actions" that are not personal to the employee in question. 5 U.S.C. § 2302(a)(2)(A), (b)(8)-(9).